**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 20-4623**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

XAVER MONTEZ BOSTON, a/k/a Romeo, a/k/a Rome, a/k/a Ro,

        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:18-cr-00095-RJC-DCK-1)

───────────────

Submitted:  May 31, 2023                                        Decided:  August 8, 2023

───────────────

Before RUSHING and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

───────────────

Affirmed and remanded by unpublished per curiam opinion.

───────────────

**ON BRIEF:** Chiege Ojugo Kalu Okwara, Charlotte, North Carolina, for Appellant. William T. Stetzer, Acting United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Xaver Montez Boston of seven counts related to sex trafficking. *See* 18 U.S.C. §§ 1591(a)(1) & (b), 1952(a)(3)(A) & (B), 2422(a). The district court sentenced Boston to 40 years in prison to be followed by 30 years of supervised release. On appeal, Boston claims the district court erred by: denying his motion for judgment of acquittal; admitting testimony about a victim purportedly in violation of the Confrontation Clause; and imposing an improperly calculated and procedurally deficient sentence.[1]

Because Boston makes his Confrontation Clause argument for the first time before this Court, his challenge is reviewed for plain error. *United States v. Keita*, 742 F.3d 184, 189 (4th Cir. 2014). By contrast, because Boston disputed the sufficiency of evidence supporting his convictions before the district court; his objection is reviewed de novo. *United States v. Farrell*, 921 F.3d 116, 136 (4th Cir. 2019). Finally, we apply clear error and de novo review, respectively, to the factual findings and legal conclusions underlying a district court's calculation of the Sentencing Guidelines; we review the sentence actually imposed for abuse of discretion. *United States v. Fluker*, 891 F.3d 541, 547 (4th Cir. 2018) (Guidelines calculations); *Gall v. United States*, 552 U.S. 38, 41 (2007) (sentence imposed).

---

[1] Boston also contends Count One of the indictment was duplicitous. But Boston waived his duplicity challenge because he failed to raise it prior to trial. Fed. R. Crim. P. 12(b)(3)(B)(i). Although we may consider an untimely duplicity challenge upon a showing of "good cause," Fed. R. Crim. P. 12(c)(3), Boston has not made such a showing here. We thus decline to address Boston's waived argument on this point. *Cf. United States v. Wysinger*, 64 F.4th 207, 215 (4th Cir. 2023).

2

We have carefully reviewed the record and have identified no reversible error. We remand, however, for the limited purpose of correcting a clerical error in the judgment, which incorrectly lists 18 U.S.C. § 1951 (rather than 18 U.S.C. § 1591) as the statute of conviction for Counts Seven and Nine. JA 696 (judgment); Fed. R. Crim. P. 36 (governing clerical errors). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AND REMANDED*